**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

WANXIA LIAO,

Plaintiff,

v.

JOHN ASHCROFT, United States Attorney General, *et al.*,

Defendants.

No. C 08-02776 SBA

**ORDER**

[Docket No. 9]

## REQUEST BEFORE THE COURT

Plaintiff has filed a motion to disqualify the Court, under 28 U.S.C. § 455(b)(1), on the grounds of personal bias allegedly developed in plaintiff's prior suit before this Court. *See* Docket No. 9. The Court DENIES her motion.

## BACKGROUND

### I. Pre-Federal Litigation Developments

In 1991, as a masters student at the University of Toronto ("UT"), Liao had an academic dispute with David Waterhouse, a professor in the university's East Asian Studies Department. Liao submitted a term paper in which she challenged Waterhouse's previously published contention that "beautiful" is a European concept. Waterhouse graded her paper a "B." In 1993, Liao lodged a formal complaint with the Ontario Human Rights Commission ("OHRC"), which sent her paper to two experts designated by Liao. One of these was James Cahill, a professor at the University of California at Berkeley ("UCB"). On or about April 26, 1995, he gave Liao's paper a low "B" grade. He found she misunderstood Waterhouse's article, and had poor command of the English language. Liao became agitated, insinuated Cahill was a racist, and threatened to kill him. She was arrested on May 10, 1995. Liao claimed Cahill, in violation of her human rights, used racism to provoke her to engage in behavior leading to her arrest. She was released on bail with the condition she not initiate contact with any OHRC member. The OHRC dismissed her complaint in 1997.

///

In June 1998, Liao wrote to UCB requesting it to investigate Cahill's conduct. It declined because Cahill was retired. Liao sued UCB and Cahill, in propria persona, in superior court for conspiracy to interfere with her civil rights and for racial discrimination, which claims were dismissed with prejudice.

## II. *Liao v. Cahill*, Case Number 03-cv-02906-SBA

On June 23, 2003, Liao sued Cahill and UCB, in propria persona, in this Court, claiming breach of contract and race discrimination. *See* Docket No. 1. She requested in forma pauperis ("IFP") status, which was denied due to her finances. *See* Docket No. 4. The Court dismissed her complaint with leave to amend. *See id*. On September 8, 2003, Liao filed a First Amended Complaint ("FAC") against Cahill, alleging a violation of 42 U.S.C. § 1983, breach of contract, breach of fiduciary duty, conspiracy for malicious prosecution, and intentional infliction of emotional distress, *see* Docket No. 7, for which she paid the filing fees, *see* Docket entries for 11/9/2003.

On March 2, 2004, the Court dismissed with prejudice the § 1983 claim under res judicata, but left the other claims intact. *See* Docket No. 28. On March 29, 2004, Liao appealed and requested IFP status for appeal. *See* Docket Nos. 31-32. On May 25, 2004, the Court reduced her $255 filing fee to $50. *See* Docket No. 53. On November 29, 2004, however, the Ninth Circuit dismissed her appeal because she failed to pay this fee. *See* Docket No. 74.

On May 27, 2004, the Court denied a motion by Liao to amend her FAC and instead granted summary judgment for Cahill as Liao's four remaining claims were time-barred. *See* Docket No. 42. On December 14, 2004, the Court denied Liao's motion for relief from judgment. *See* Docket No. 76. On May 5, 2005, the Court denied Liao's renewed motion for relief from judgment and to file a second amended complaint. *See* Docket No. 89.[1] On May 24, 2005, Liao filed a motion for relief from judgment, *see* Docket No. 90, followed by an amended motion for relief from judgment, *see* Docket No. 94, which the Court denied on July 29, 2005, *see* Docket No. 106. On October 20,

---

[1] On May 9, 2005, Liao sued a number of defendants, including the San Francisco Superior Court itself, for civil rights violations, in *Liao v. Quidachay*, 05-cv-01888 CW. This matter was closed on January 24, 2007.

2005, Liao filed a Motion for Rule 56(f) Discovery, for Stay of Summary Judgment, and for Relief Under Rule 60(b)(6) from the July 29, 2005 Order. *See* Docket No. 108. On March 1, 2006, the Court denied this motion as untimely, and factually and legally groundless. *See* Docket No. 120. The Court also admonished Liao she must seek its leave before filing any future pleadings. *See id.* at 9.

On March 13, 2006, Liao appealed and requested IFP status for her appeal. *See* Docket Nos. 121-22. On June 30, 2006, the Court denied her IFP status, for lack of merit, as she failed to identify the issues she was appealing. *See* Docket No. 123. On August 16, 2006, the Ninth Circuit ordered Liao to pay a docketing fee of $455[2] or file with the Ninth Circuit a renewed motion to proceed IFP. *See* Docket No. 5 in appeal no. 06-15544. On September 5, 2006, Liao filed an Amended Notice of Appeal, appealing the Court's July 29, 2005 and March 1, 2006 Orders. *See* Docket No. 124. On September 25, 2006 the Ninth Circuit dismissed her appeal because she had not paid her filing fee nor filed a renewed motion. *See* Docket No. 125. On October 4, 2006, Liao filed in the Ninth Circuit a Motion to Reinstate Appeal and a Renewed Motion to Proceed IFP. *See* Docket No. 12 in appeal 06-15544. On December 4, 2006, the Ninth Circuit reinstated Liao's appeal, but ordered her to pay a $255 docketing fee to this Court or be dismissed.[3] *See* Docket No. 127; Docket No. 13 in appeal 06-15544. On January 18, 2007, the Ninth Circuit dismissed her appeal because she had not paid her docketing fee. *See* Docket No. 128.

**III. *Liao v. Ashcroft, et al.*, Case Number 08-cv-02776 SBA**

On June 4, 2008, Liao, in propria persona, sued 21 defendants, including John Ashcroft, Judge Claudia Wilken, Bill Lockyer, Heather Fong, CNN, You Tube, *et seq.* *See* Docket No. 1. Liao alleges defendants racially discriminated against her by refusing to investigate her criminal complaints related to the facts giving rise to *Liao v. Cahill*, and that there was a "conspiracy by

---

[2] On April 9, 2006, the Ninth Circuit filing fee increased from $250 to $450. 28 U.S.C. § 1913 note (2006) (Appeals Filed in Courts of Appeals). The additional $5 arises from 28 U.S.C. § 1917, which allows the district courts to charge this fee for processing a notice of appeal.

[3] The December fee is lower than the August fee, to reflect the fact that Liao appealed in March 2006, prior to the April 9, 2006 increase. The Ninth Circuit had erroneously charged Liao in August 2006, as if she had appealed in August 2006.

federal justice administrative officials with the US major media to place a secret prior restraint on [her] Internet free speech" regarding *Cahill*. *See* Docket No. 1. The matter was assigned to Magistrate Judge Chen. *See* Docket No. 2. On September 8, 2008, Liao declined to proceed before a magistrate judge. *See* Docket No. 4. The next day, the matter was reassigned to this Court. *See* Docket No. 5. On September 17, 2008, defendant Ashcroft declined to proceed before a magistrate judge. *See* Docket No. 8. On September 25, 2008, Liao filed her motion to disqualify this Court, which is before the Court. *See* Docket No. 9.

**LEGAL STANDARD**

There are three sources of law which provide for a motion to disqualify a judge: the Due Process Clause of the Fifth Amendment, 28 U.S.C. § 144, and 28 U.S.C. § 455. The Due Process Clause prohibits a judge from having a direct financial or personal stake in a matter, that is, from judging their own case. *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 821-25 (1986). Section 144 provides a process whereby if a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," then that judge shall refer the motion to another judge for disposition. 28 U.S.C. § 144. And section 455 provides in part that a "judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* § 455(a). Section 455 also provides in part that a judge shall disqualify himself or herself "[w]here [they have] a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" *Id.* § 455(b)(1).

Section 455(a) is a "catchall" provision, while section 455(b)(1) specifically addresses, in part, a personal bias or prejudice against a party. *Liteky v. U.S.*, 510 U.S. 540, 549-51 (1994). Section 144 may be invoked on the same grounds for invoking § 455(b)(1). *Liteky*, 510 U.S. at 550-51. Not every bias or prejudice against a party, however, will support recusal under § 144 or § 455(b)(1). *Liteky*, 510 U.S. at 550. During a criminal trial, for example, a judge may develop a *rational* bias against a defendant, especially if the evidence proves their guilt beyond a reasonable doubt. *Id.* at 550-51. Sections 144 and 455(b)(1), however, prohibit "a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved,"

"rests upon knowledge that the [judge] ought not to possess[,]" or "is excessive in degree[.]" *Liteky*, 510 U.S. at 550 (emphasis in original). In a like manner, section 455(a) only bars a *wrongful* or *inappropriate* partiality. *Id.* at 551-52.

"[O]pinions held by judges[, however,] as a result of what they learned in earlier proceedings" are "not subject to deprecatory characterization as 'bias' or 'prejudice'[.]" *Id.* at 551. This is because, "[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." *Id.* As such:

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

*Liteky*, 510 U.S. at 555 (citation omitted).

Further:

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of . . . prior proceedings, do not constitute a basis for a bias or partiality motion unless they display *a deep-seated favoritism or antagonism that would make fair judgment impossible*. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.* (emphasis added).

Thus, an example of a remark supporting disqualification, is an alleged statement by a district judge in *Berger v. United States*, 255 U.S. 22 (1921), a World War I espionage case against German-American defendants, that "'[o]ne must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans' because their 'hearts are reeking with disloyalty.'" *Liteky*, 510 U.S. at 555 (quoting *Berger*, 255 U.S. at 28 (internal quotation marks omitted)). In contrast, disqualification is not supported by "expressions of impatience, dissatisfaction, annoyance,

and even anger[.]" *Liteky*, 510 U.S. at 555-56. Likewise, "[a] judge's ordinary efforts at courtroom administration-even a stern and short-tempered judge's ordinary efforts at courtroom administration-remain immune." *Id.* at 556.

Under the plain language of section 144, once a judge has determined a party has filed a "timely and sufficient affidavit[,]" the judge must refer the disqualification motion to another judge for disposition. 28 U.S.C. § 144; Civ. L.R. 3-15; *U.S. v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980). In contrast, a motion to disqualify a judge under 28 U.S.C. § 455 is decided by that judge. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994); *Sibla*, 624 F.2d at 867-68.

**ANALYSIS**

The Court DENIES Liao's motion to disqualify this Court, because she has not shown that this Court bears a "a deep-seated favoritism or antagonism that would make fair judgment impossible." *See Liteky*, 510 U.S. at 555. Liao has not presented any affidavit or declaration with her motion, thus she is not proceeding under § 144. Nor has she alleged that this Court is sitting in judgment of its own matter. She is thus not proceeding under the Due Process Clause of the Fifth Amendment. Instead, Liao states that because this Court disposed of *Cahill*, it

> has strong personal prejudice against me. [It] violated the procedural rules to abuse the process in handling that case from the first beginning, since [it] disregarded the discovery rules that require the presiding judge to set up discovery steps at the first Case Management Conference, and disregarded my request for court's order to abide the defendants to discovery procedures. At the initial Case Management Conference [the Judge] did not even allow me the chance to speak to reassert my request.

Mot. at 1-2.

Liao is clearly proceeding under § 455(b)(1), which addresses "personal bias or prejudice concerning a party." As *Liteky* holds:

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [They] can only in the rarest circumstances evidence the degree of

///

///

> favoritism or antagonism required . . . when no extrajudicial source is involved. *Almost invariably, they are proper grounds for appeal*, not for recusal.

*Liteky*, 510 U.S. at 555-56

If Liao had concerns regarding how the discovery proceeded in *Cahill*, the she could have presented them to the Ninth Circuit on appeal. She failed to prosecute her appeals, however. Under *Liteky*, she may not now raise these concerns as the basis for motion to disqualify.

With regard to the Court's handling of the discovery in *Cahill*, Liao asserts, that it was part of "a hidden agenda which helped the defendants of my case against Cahill get away easily, because my complaint against Cahill involved [a] conspiracy that he conducted with the Canadian governments and the University of Toronto and a White professor Waterhouse." Mot. at 2. Liao fails to provide any evidence that this Court conspired with Cahill. Regardless, per *Liteky*, if Liao believed while prosecuting *Cahill* that there was a conspiracy which affected its discovery, then she could have, but failed to, raise this issue on appeal.

In addition, Liao concludes that this Court is "highly prejudicial against" her, based not just on the discovery process in *Cahill*, but also because her dismissal was improper, as her claims were allegedly not time barred, and because she could not appeal, as she could not allegedly afford the docketing fees. Mot. at 2. Again, under *Liteky*, Liao's dissatisfaction with *Cahill*'s disposition was a proper basis for an appeal, which she declined to prosecute, but is not now a proper basis for a motion to disqualify. Further, Liao's dissatisfaction with the disposition of her appellate IFP applications, is not the proper basis for a motion to disqualify, as she raised this issue with the Ninth Circuit, which on December 4, 2006, ordered her to pay a full docketing fee. *See* Docket No. 127; Docket No. 13 in appeal 06-15544.

Turning to this matter, Liao alleges that she believes the Court will proceed with "a similar hidden agenda[,]" as in *Cahill*, "since in [its] initial Case Management Order, like before, [it] deliberately skipped all the discovery steps required by procedural rules." Mot. at 2. Liao does not explain the final clause of this sentence. Nor is it logical, as the Standing Order for All Judges of the Northern District of California, is not unique to this Court, and *implements* Federal Rules of Civil Procedure 16 and 26, which are civil discovery rules.

Finally, Liao cryptically alleges that to "further" the Court's prejudice, it has "already ruled before that all the subsequent cases that I filed shall not be deemed related to my case against Cahill . . . ." Mot. at 2. She then asserts that this matter should not be related to *Cahill*. *Id.* The Court merely notes that no party to either *Cahill* or this matter has filed a notice of related case, nor has the Court sua sponte considered this issue. Regardless, because Liao is proceeding under § 455(b)(1), on the grounds of personal bias or prejudice against a party, not arising from an "extrajudicial source," she bears the burden to show "a deep-seated favoritism or antagonism that would make fair judgment impossible." *See Liteky*, 510 U.S. at 555. She has failed to do this, however. Instead, she has only shown her dissatisfaction with the Court's rulings in *Cahill*, which under *Liteky*, were issues for her to appeal, but are not the proper grounds for a motion to disqualify this Court.[4]

**CONCLUSION**

Accordingly, the Court DENIES plaintiff's motion to disqualify this Court [Docket No. 9].

IT IS SO ORDERED.

December 19, 2008

Saundra B Armstrong
Saundra Brown Armstrong
United States District Judge

---

[4] Liao also attempts to withdraw her declination to proceed before a magistrate judge. Mot. at 3. Defendant Ashcroft, however, has declined to so proceed and defendant CNN has not consented to so proceed. Absent the consent of *all the parties who have appeared*, the Court may not refer this matter to a magistrate judge, except for certain limited purposes. *See* 28 U.S.C. § 636(a)-(c); Fed. R. Civ. P. 72-73; Civ. L.R. 73-1(a).

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LIAO et al,

Plaintiff,

v.

ASHCROFT et al,

Defendant.
_______________________________/

Case Number: CV08-02776 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 19, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Wanxia Liao
7 Beatrice Street
Toronto, Ontario, M6J 2T2

Dated: December 19, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk