UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANXIA LIAO,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN ASHCROFT, et al.,<br><br>    Defendants.<br>_____/ | No. C 08-2776 PJH<br><br>**ORDER DENYING MOTION<br>TO STRIKE AND GRANTING<br>MOTION TO DISMISS** |

Before the court is defendant Cable News Network, Inc.'s ("CNN") motion to strike or, in the alternative, to dismiss, which plaintiff Wanxia Liao ("Liao") opposes. Because the court finds this matter suitable for decision without oral argument, the hearing date of March 18, 2009 is VACATED pursuant to Civil Local Rule 7-1(b). Having carefully read the parties' papers and considered the relevant legal authority, the court hereby DENIES CNN's motion to strike and GRANTS CNN's motion to dismiss.

**BACKGROUND**

On June 4, 2008, Liao, in propria persona, filed the original complaint in this case, suing twenty-one defendants, including, among others, John Ashcroft, Judge Claudia Wilken, Bill Lockyer, Heather Fong, CNN and YouTube. See Compl. On September 9, 2008, this case was reassigned to Judge Saundra Armstrong. Liao filed a first amended complaint ("FAC") on December 22, 2008, which, among other things, added Judge Armstrong as a defendant. See FAC. On February 4, 2009, Judge Armstrong recused herself from presiding over this case. The next day, this case was reassigned to the undersigned.

This case arises out of "racially motivated refusals by United States government officials and California state officials to investigate [Liao's] criminal complaints, and the conspiracy by federal justice administrative officials with the US major media to place a secret prior restraint on [her] Internet free speech about [her] human rights case," Liao v. Cahill, 03-2906-SBA, "without due process of law" for the purpose of covering up her human rights case.  FAC ¶ 1.  Liao alleges that the defendants, "acting under color of state law, violated [her] "rights to Equal Protection under the Fourteenth Amendment, to free speech under the First Amendment, [and] violated § 1985 of USC for Conspiracy to Interfere with Civil Rights."  Id.  Through this action, Liao seeks "damages and declaratory relie[f] under Title 42, Section 1983 of the United States Code and other federal and California State statutes."  Id.

The facts underlying Liao's "human rights case" are as follows.  In 1991, as a masters student at the University of Toronto ("UT"), Liao had an academic dispute with David Waterhouse, a professor in the university's East Asian Studies Department.  FAC ¶ 28.  Liao submitted a term paper in which she challenged Waterhouse's previously published contention that "beautiful" is a European concept.  Id. ¶¶ 28-29.  Waterhouse then allegedly retaliated against her by interfering with her Ph.D application through a series of "fraud," in violation of UT's grading and academic regulations, including awarding Liao a "B" as her final grade while the course was still in progress, submitting Liao's grade without having it reviewed by the Chair of the Department, providing a reference letter for Liao's Ph.D application fraudulently identifying himself as her program supervisor, and objecting to Liao's Ph.D application on an erroneous ground.  Id. ¶ 30.  Accordingly to Liao, Waterhouse's fraud directly caused her application for the Ph.D program to be unsuccessful.  Id.  Liao subsequently lodged a formal complaint with the Ontario Human Rights Commission ("OHRC").  Id. ¶ 31.

Although unclear from the allegations in the FAC, James Cahill ("Cahill"), a professor at the University of California at Berkeley ("UCB"), allegedly became involved in a conspiracy with the Canadian government to cover up Waterhouse's fraud and racial

prejudice after learning of Liao's complaint to the OHRC. FAC ¶ 31. In May 1995, before the OHRC dismissed Liao's complaint, Cahill, the OHRC and the UT allegedly conspired to provoke Liao into engaging in behavior leading to her arrest and subsequent conviction for uttering a death threat to Waterhouse. Id. ¶¶ 31-33.

In April of 2002, Liao filed a civil rights case against Cahill in San Francisco Superior Court. FAC ¶ 34. After her case was dismissed, Liao re-filed it in the Northern District in June 2003. Id. In May 2005, while this case was pending, Liao filed another civil rights case in the Northern District against, among others, two San Francisco Superior Court judges. Both of these cases were ultimately dismissed. Id. ¶¶ 35-36, 80.

Liao alleges that during the course of her civil rights cases, "in order to break the US media ban on [her case]," she tried to publicize her story about her civil rights case on the Internet. FAC ¶ 37. Liao alleges that, in December 2005, she received a death threat in response to a posting she had made on Yahoo's Message Board about her case. Id. Liao asserts that the individual who posted the threat "was undoubtedly speaking for the US and Canadian governments." Id. Liao subsequently filed several criminal complaints related to the death threat and the facts giving rise to her civil rights case with various state and federal officials. She alleges that these officials racially discriminated against her by refusing to investigate these complaints. See generally FAC ¶¶ 38-74.

Liao further alleges that the United States media joined the government to cover up the facts of her human rights case by setting up automatic filters on their websites to filter out any information that contained her name and/or web page addresses where she posts information about her cases. FAC ¶¶ 93, 101. Specifically, Liao alleges that she was blocked from posting information about her human rights case on the iReport section of CNN's website on October 22, 2006. Id. ¶ 94. According to Liao, whenever she attempted to post a message containing her name, certain key words of her story, or the URL of her web page, a page would appear with the message 'You are not authorized to view this page!' and her message would not appear. Id. Although Liao alleges that she was ultimately able to post a message on CNN's website containing a link to her story, she was

1 only able to do so by using a nickname and omitting the URL of her web page. Id.  Liao
2 alleges that CNN's conduct in this regard was part of a conspiracy between CNN and the
3 United States government "to place a secret prior restraint" on her free speech rights "to
4 cover up the government's gross abuse of racial minorities' human rights." Id. ¶¶ 97, 99-
5 100, 103.  Liao asserts that by engaging in this conduct, CNN violated "§ 1985 of the USC:
6 Conspiracy to Interfere with Civil Rights." Id. ¶ 103.  Liao further asserts that CNN's
7 conduct constitutes "political censorship restricting Internet free communications" and is a
8 violation of her right to freedom of expression under the First Amendment.  Id.  According to
9 Liao, CNN voluntairly waived its right to censor the content of information posted on its
10 website because iReport was a "free speech zone" that did not censor the content on any
11 user's news report so long as the user followed CNN's user guidelines.  Id. ¶ 98.

12      Liao filed the instant action on June 4, 2008.  On February 5, 2009, CNN filed a
13 special motion to strike pursuant to California Code of Civil Procedure § 425.16 or, in the
14 alternative, a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil
15 Procedure.  Liao filed an opposition on February 24, 2009.  A reply was filed on March 4,
16 2009.

17 **DISCUSSION**

18 A.    CNN's Special Motion to Strike

19     1.    California's Anti-SLAPP Statute - Cal.Civ.Proc.Code § 425.16

20      CNN argues that Liao's claims should be dismissed pursuant to § 425.16 of
21 California's Code of Civil Procedure, the anti-SLAPP statute, because the claims arise out
22 of CNN's exercise of free speech rights; namely, CNN's refusal to publish her story on its
23 website.

24      Although § 425.16 applies to state law claims brought in federal court, it does not
25 apply to federal question claims in federal court because such application would frustrate
26 substantive federal rights.  See Kearney v. Foley and Lardner, 553 F.Supp.2d 1178, 1183
27 (S.D. Cal. 2008); Bulletin Displays, LLC v. Regency Outdoor Adver., Inc., 448 F.Supp.2d
28 1172, 1180 (C.D. Cal. 2006); In re Bah, 321 B.R. 41, 46 (9th Cir. BAP 2005); Globetrotter

Software, Inc. v. Elan Computer Group, Inc., 63 F.Supp.2d 1127, 1130 (N.D. Cal. 1999); see also New Net, Inc. v. Lavasoft, 356 F.Supp.2d 1090, 1099 (C.D. Cal. 2004) ("Defendant properly directs its anti-SLAPP motion only to the pendant state law claims set out in the Complaint."). Accordingly, because Liao asserts federal question claims against CNN, CNN's special motion to strike is DENIED. Section 425.16 does not apply to federal question claims in federal court.

B.  CNN's Motion to Dismiss

    1.  Legal Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory. Id. When the plaintiff appears *pro se*, the court must construe the allegations of the complaint liberally and must afford the plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). This rule of liberal construction is particularly important in civil rights cases. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, however, the court is not permitted to "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)). In order to survive a dismissal

motion, a plaintiff must allege facts that are enough to raise her right to relief "above the speculative level." Id. at 1965. While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. Twombly, 127 S.Ct. at 1974.

      2.      Legal Analysis

Although difficult to discern, it appears from the allegations in the FAC that Liao intends to allege two federal civil rights claims against CNN: (1) a § 1983 claim based on a violation of her rights under the First Amendment; and (2) a § 1985(3) conspiracy claim. As best the court can glean from Liao's allegations, her claims arise from CNN's violation of her rights under the First Amendment in the form of CNN prohibiting her from posting information about her human rights case on CNN's website as part of a conspiracy with the United States government to cover up "the government's gross abuse of racial minorities' human rights." CNN argues that dismissal of these claims is appropriate because Liao has failed to plead sufficient facts to state a cognizable claim. The court agrees.

           a.      42 U.S.C. § 1983

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

Section 1983 creates a private right of action against persons who, acting under color of law, violate federal constitutional or statutory rights. Nelson v. Campbell, 541 U.S. 637, 643 (2004). In order to state a claim under § 1983, a plaintiff must allege that a person or persons acting under color of state law deprived her of a constitutional or federal

6

statutory right. West v. Atkins, 487 U.S. 42, 48 (1988); Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003). A defendant has acted under color of state law when he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law.' " West, 487 U.S. at 49.

Generally, only a state actor, and not a private individual or entity, may be liable under § 1983 because "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49 (1999) (quotation marks omitted); Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999). There is no right to be free from the infliction of constitutional deprivations by private entities. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). However, a § 1983 action can lie against a private entity when the private entity is a willful participant in joint action with the State or its agents. Kirtley v. Rainey, 326 F.3d at 1092 (quotation marks omitted) (citing Dennis v. Sparks, 449 U.S. 24, 27 (1980)).

The Ninth Circuit applies four different tests to identify state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." Kirtley, 326 F.3d at 1092 (citations omitted). Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists. Id. Although there are several tests to determine where state action lies, the ultimate inquiry is whether the alleged infringement of federal rights is fairly attributable to the government. Id. at 1096. Because Liao only alleges facts relevant to the joint action test, the court will limit its analysis to this test.

"Under the joint action test, courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002) (quotation marks omitted). "The test focuses on whether the state has so far insinuated itself into a position of interdependence with [the private actor] that it must be recognized as a joint participant in the challenged activity." Id. (alteration in original and quotation marks omitted). "A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was a

7

willful participant in joint action with the State or its agents." Id. (internal quotation marks omitted). However, a substantial degree of cooperation is required before imposing liability on private parties for acting jointly with state actors. Id.

The court finds that, taking all the allegations in the FAC as true, and construing them in the light most favorable to Liao, the facts alleged fail to state a claim under § 1983. Liao does not and cannot allege that CNN is a state actor; instead, the allegations demonstrate that CNN is a private entity. Nor has Liao plead sufficient facts demonstrating that CNN was a willful participant in joint action with the United States government or its agents that resulted in the deprivation of a constitutional or federal statutory right.

While Liao asserts that CNN conspired with the United States government to "cover up the government's gross abuse of racial minorities' human rights," she did not plead any specific facts in support of this allegation; rather, she relies on her "belief" that CNN complied "with the US governments' prior restraint order on publication of [her human rights] case." In support of her belief, Liao alleges that CNN's filtering of her human rights case "could only be set up [by] way of [a] government organized conspiracy." And that, "[a]pparently this [was] a government operation" because "[w]ithout government organization, it is impossible that CNN . . . would have acquired the same knowledge about [her] story and set up . . . automatic filters to prevent the exposure of [her] case on [its] website."

These conclusory allegations unsupported by facts are insufficient to state a claim under § 1983. Liao has failed to plead facts demonstrating an entitlement to relief. Liao, for instance, has not plead specific facts showing that CNN and government officials acted in concert to effect a deprivation of her First Amendment rights. Nor did she allege any facts demonstrating a substantial degree of cooperation between CNN and the United States government. Instead, she has made a "blanket assertion" of her entitlement to relief. Liao's bald assertion that CNN conspired with the United States government to violate her rights under the First Amendment is not enough to survive dismissal. Liao has couched as a factual allegation the legal conclusion that CNN conspired with the United

States government to violate her rights under the First Amendment.  In short, dismissal of this claim is appropriate because the allegations in the FAC are wholly insufficient to establish a basis for liability under § 1983 against CNN that is plausible on its face. Accordingly, Liao's § 1983 claim is dismissed for failure to state a claim.

          b.      42 U.S.C. § 1985

To establish a § 1985(3) claim, a plaintiff must prove: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.  Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

Section 1985 provides a civil action for damages caused by conspiracies that interfere with civil rights; however, "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations."  Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005) (quoting Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir.1989)); see also Cassettari v. Nevada County, Cal., 824 F.2d 735, 739 (9th Cir. 1987).  This is because a § 1985(3) claim, like a § 1983 claim, requires the plaintiff to "allege facts showing deprivation of rights secured by the Constitution or laws of the United States under color of state law." Giannini v. Real, 911 F.2d 354, 359 (9th Cir. 1990).

Liao's § 1985 claim necessairly fails because it is predicated on the same allegations that are insufficient to state a claim under § 1983.  Liao's § 1983 claim was dismissed because she did not plead sufficient facts demonstrating that CNN violated her First Amendment rights while acting under the color of law.  Thus, without a deprivation of rights under § 1983, Liao cannot maintain a § 1985(3) conspiracy claim.  Accordingly, Liao's § 1985 claim is dismissed for failure to state a claim.

Because it is not absolutely clear to the court that the defects of Liao's claims against CNN are incapable of being cured by amendment, the court dismisses these claims

9

with leave to amend in order to afford Liao an opportunity to cure the deficiencies identified by the court. See Karim-Panahi, 839 F.2d at 623 (A court must give a *pro se* litigant leave to amend his or her complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

## CONCLUSION

For the reasons stated above, the court DENIES CNN's motion to strike and GRANTS CNN's motion to dismiss. The amended complaint must be filed no later than April 2, 2009. If Liao fails to file a timely amended complaint curing the deficiencies identified by the court, her claims against CNN will be dismissed with prejudice.

**IT IS SO ORDERED.**

Date: March 11, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge