UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WANXIA LIAO,

    Plaintiff,

    v.

JOHN ASHCROFT, et al.,

    Defendants.

_____/

No. C 08-2776 PJH

**ORDER OF DISMISSAL**

Pro se plaintiff Wanxia Liao filed this action on June 4, 2008, asserting violations of federal civil rights laws, and also alleging state law claims. At issue is whether plaintiff has complied with the service requirements of the Federal Rules of Civil Procedure and the Civil Local Rules of this court.

**INTRODUCTION**

Plaintiff, a citizen of Canada, filed this action against 21 defendants: John Ashcroft, "Attorney General of the United States;" Alberto Gonzales, "former Attorney General of the United States;" Kevin Callahan, "paralegal of DOJ;" Rachel Medwin, "paralegal of DOJ;" Mark J. Kappelhoff, "Section Chief of the Civil Rights Division, DOJ;" Arthur Balizan, "Acting Special Agent of the FBI;" Robert Mueller, "Director of FBI;" Jerry Tidwell, "Risk Management Manager of SF Police Department;" Heather Fong, "Chief of Police for SF Police;" Joe Urquhart, "formerly foreperson of SF Indictment Grand Jury;" Jenni Parrish, "formerly Acting Foreperson of SF Civil Grand Jury;" San Francisco Superior Court; City and County of San Francisco; San Francisco Police Department; Claudia Wilken, United

States District Judge; Kay Yu, "Deputy Attorney General of California;" Bill Lockry [sic], "formerly Attorney General of California;" Michael Laurenson, "lawyer of Gordon & Rees LLP;" Gordon & Rees LLP; CNN; and YouTube.

Plaintiff did not obtain summonses for any of the defendants until September 10, 2008. On September 17, 2008, defendant Kay Yu, Deputy Attorney General of California, e-filed, on behalf of herself, a declination to proceed before a United States Magistrate Judge. In error, the corresponding docket entry (Docket No. 8) reflected that the declination had been filed by defendant John Ashcroft, former United States Attorney General.

On September 25, 2008, plaintiff filed a motion to disqualify Judge Armstrong, to whom the case was assigned, on the grounds of personal bias allegedly developed in a prior suit in which plaintiff appeared before Judge Armstrong. On November 10, 2008, defendant CNN filed a motion to dismiss, and alternative motion to strike.

As of mid-December 2008, plaintiff had filed no proofs of service of the summons and complaint. On December 19, 2008, Judge Armstrong denied plaintiff's motion to reassign the case. On December 22, 2008, Judge Armstrong issued an order directing plaintiff, no later than January 10, 2009, to file proofs of service or waivers of service as to any defendant who had not appeared in the action; and also cautioning plaintiff that failure to comply with the order would result in the dismissal of all such defendants.

Also on December 22, 2008, plaintiff filed a first amended complaint ("FAC"), asserting claims against 23 defendants, including all defendants named in the original complaint, with the exception of Bill Lockry [sic], for whom plaintiff substituted Edmund G. Brown, Jr., "Attorney General of California;" plus Judge Armstrong; and Christopher Smith, "Chairman of 109th Congress Subcommittee on Africa, Global Human Rights and International Operations."

On December 31, 2008, the Clerk's Office corrected the September 17, 2008, docket entry to reflect that the declination to proceed before a United States Magistrate Judge had been filed by Kay Yu on her own behalf, not on behalf of John Ashcroft.

On January 9, 2009, plaintiff filed an unexecuted copy of the original summons. Also on January 9, 2009, defendant CNN filed a case management conference statement, and a motion to strike the amended complaint, or in the alternative, to dismiss the amended complaint.

On January 12, 2009, the clerk issued an amended summons. On January 29, 2009, plaintiff filed what purported to be a proof of service of the summons and complaint, stating that copies had been mailed to Judge Armstrong and Joseph P. Russoniello, United States Attorney for this judicial district, by registered mail from Canada, on January 22, 2009. However, the proof of service by registered mail did not include copies of the mailing receipts, or any receipt of service signed by the addressee(s).

On January 30, 2009, defendant Kay Yu filed a case management conference statement. On February 4, 2009, Judge Armstrong recused herself, and the case was reassigned to the undersigned on February 5, 2009. Also on February 5, 2009, CNN renoticed its motion to strike/dismiss.

On February 10, 2009, the undersigned issued an order directing plaintiff, no later than March 2, 2009, to file proofs of service of the summons and complaint in accordance with the Federal Rules of Civil Procedure and the Civil Local Rules of this court. The order noted that plaintiff had previously been given until January 10, 2009, to file a proof of service or a waiver of service for each defendant who had not filed an appearance as of that date; and had been cautioned that failure to do so would result in the dismissal of all such defendants, unless plaintiff established good cause why she should be given an extension of time for service, under Federal Rule of Civil Procedure 4(m).

The order noted further that as of February 10, 2009, plaintiff had failed to file a proof of service of the summons and complaint, in accordance with the service requirements of Federal Rule of Civil Procedure 4 (which also incorporates state rules of service), on the remaining defendants; and had made no showing of good cause for an extension of time for service. The order cautioned plaintiff that failure to do so would result in the dismissal of all defendants as to whom plaintiff had not established proper service.

On March 1, 2009, plaintiff filed a certificate of service. The certificate of service states that copies of the summons and complaint were mailed by first-class mail from Canada on February 27, 2009, to Alberto Gonzales; Kevin Callahan; Rachel Medwin; Mark Kappelhoff; San Francisco Superior Court (c/o David Ballati); the City and County of San Francisco (c/o Gavin Newsom); Edmund G. Brown, Jr.; Michael Laurenson; Gordon & Rees LLP (c/o James P. Reilly); YouTube (c/o Chad Hurley); Arthur Balizan; Robert Mueller; Jerry Tidwell; Heather Fong; Joe Urquhart at the San Francisco Grand Jury; and Jenni Parrish.

The certificate of service also states that copies of the summons and complaint were sent by registered mail from Canada to Eric Holder, Attorney General of the United States; U.S. District Judge Claudia Wilken; and Christopher Smith. However, the certificate did not include actual proof of service by registered mail (copies of the mailing receipts, or any receipt of service signed by the addressee(s)).

**DISCUSSION**

A.  Legal Standards

Due process of law requires that defendants be afforded notice of proceedings involving their interests and an opportunity to be heard. See Mullane v. Central Hanorve Bank and Trust Co., 339 U.S. 306, 314 (1950). "Service of process" refers to the formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action. Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2008) § 5:1 (citing Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988). Service of process (in the absence of a voluntary appearance or a conscious waiver) is an indispensable prerequisite to the court's jurisdiction to proceed. Beecher v. Wallace, 381 F.2d 372, 373 (9th Cir. 1967).

Service of process must comply with both the constitutional requirements and the applicable statutory standards. How service may be made in a federal action is a federal question to be determined according to federal law. Henderson v. United States, 517 U.S. 654, 656 (1996) (in federal question cases, the Federal Rules of Civil Procedure govern the

matter and timing of service).

Federal Rule of Civil Procedure 4 governs service of process in federal actions. "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If, however, "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. If service is not waived, see Fed. R. Civ. P. 4(d), the person effecting service is required to make a proof thereof to the court. The reporting process is referred to as "proof of service." Fed. R. Civ. P. 4(l).

Under Rule 4, an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Alternatively, service may be made by "delivering a copy of the summons and of the complaint to the individual personally;" by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A)-(C).

In California, state law prescribes four basic methods of service: service by personal delivery to the defendant, Cal. Code Civ. P. § 415.10, or his/her "authorized agent, id. § 415.90; substitute service to someone else at the defendant's residence or place of business, id., § 415.20; mail service coupled with acknowledgment of receipt, id. § 415.30; service on persons outside the state by certified or registered mail with return receipt requested, id. § 415.40; and service by publication (where authorized by the court), id. § 415.50.

A corporation, partnership, or other unincorporated association may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Alternatively, a corporation, partnership, or other unincorporated association may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or

5

general agent, or any other agent authorized by appointment or law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

To serve the United States, a party must either "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk," or must "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii).  In addition, the party must "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." and if the action challenges an order of a nonparty agency or officer of the United States, must "send a copy of each by registered or certified mail to the agency or officer." Fed. R. Civ. P. 4(i)(1)(B)-(C).

To serve a United States officer or employee sued in an official capacity for an act or omission occurring in connection with duties performed on the United States' behalf, the party must deliver a copy of the summons and complaint to (1) the officer or employee; (2) the United States Attorney for the district in which the action is brought; and (3) the Attorney General of the United States in Washington, D.C.  Fed. R. Civ. P. 4(i)(1).  In addition to these requirements, if a federal employee is sued in his individual capacity, a copy of the summons and complaint must be delivered to the defendant personally or left at his "dwelling house or usual place of abode." .

Where a plaintiff sues a federal officer in his individual capacity, she need not serve the United States Attorney or the Attorney General as required under Rule 4(i).  See Vaccaro v. Dobre, 81 F.3d 854, 856-57 (9th Cir. 1996).  Service of an individual defendant is governed by Rule 4(e), not 4(i). Under Rule 4(e), service can be accomplished by "delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house," as indicated above.  See Fed. R. Civ. P. 4(e)(2).

6

To serve any state-created governmental organization that is subject to suit, a party must either "deliver[ ] a copy of the summons and of the complaint to its chief executive officer," or "serv[e] a copy of each in the manner prescribed by that state's law for summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).  Under California law, in suits against a local public authority or agency, service may be made by delivering copies of the summons and complaint to "the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Civ. P. Code § 416.50(a).

California law allows service by mail upon nonresidents.  Cal. Civ. Proc. Code § 415.40.  Under California law, service upon a corporation can be effected by delivering a copy of the complaint to either the person designated as the agent for service of process under §§ 202, 1502, 2105 or 2107 of the Corporations Code, or to "the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10.

B.     Analysis

In accordance with the orders issued on December 22, 2008, and February 10, 2009, the court finds that defendants John Ashcroft, Alberto Gonzales, Kevin Callahan, Rachel Medwin, Mark J. Kappelhoff, Arthur Balizan, Robert Mueller, Jerry Tidwell, Heather Fong, Joe Urquhart, Jenni Parrish, San Francisco Superior Court; City and County of San Francisco; San Francisco Police Department; Claudia Wilken, United States District Judge; Kay Yu, Bill Lockry [sic], Michael Laurenson, Gordon & Rees LLP;  and YouTube must be dismissed for lack of service.

    1.    The U.S. Attorney General Defendants

Plaintiff asserts claims under 42 U.S.C. § 1983 and § 1985 against defendants John Ashcroft and Alberto Gonzales – former United States Attorneys General – in both their individual and official capacities.  Claims under § 1983 require a state actor. See West v. Atkins, 487 U.S. 42, 48 (1988). Where the defendant is a federal actor, an equivalent action may be brought under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 392-97

7

(1971).  See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991).

However, absent a waiver of sovereign immunity, the Bivens remedy exists solely against individual federal officials, not against the United States. See Kreines v. United States, 33 F.3d 1105, 1109 (9th Cir. 1994); Thomas-Lazear v. F.B.I., 851 F.2d 1202, 1207 (9th Cir. 1988).  A Bivens action therefore "can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1988).

Similarly, with regard to the § 1985 claim, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"). F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).  Put another way, sovereign immunity bars suits against officers and employees of the United States in their official capacities. Gilbert v. DaGrossa, 756 F.2d 1455, 1458-59 (9th Cir.1985).

Here, plaintiff did not effect service on either John Ashcroft or Alberto Gonzales in his individual capacity.  Plaintiff filed no proof of service as to Mr. Ashcroft.[1]  As to Mr. Gonzales, service by ordinary mail does not satisfy the requirements of Rule 4(i)(3). Accordingly, the court finds that John Ashcroft and Alberto Gonzales must be dismissed from the action for lack of service.

2.      The DOJ Defendants

Plaintiff asserts claims under § 1983 against United States Department of Justice employees Kevin Callahan and Rachel Medwin in their individual capacities, and against Mark J. Kappelhoff in his individual and official capacity.  As above, with regard to the U.S. Attorney General defendants, the court finds that the claims against Kevin Callahan,

---

[1] Plaintiff asserted, in a request for default against John Ashcroft filed March 6, 2009, that Mr. Ashcroft appeared in this action on September 17, 2009, through California Deputy Attorney General Kay Yu, who filed a Declination to Proceed before a U.S. Magistrate Judge (Docket No. 8).  It is true that Ms. Yu mistakenly indicated in the entry for Docket No. 8 that the declination was filed by Mr. Ashcroft.  However, that error was corrected by the clerk's office on December 31, 2008, ten days prior to the original deadline imposed on plaintiff by Judge Armstrong regarding the filing of the proof of service of the summons and complaint on all defendants.  Moreover, the document filed at Docket No. 8 clearly indicates that it is the declination of Ms. Yu, and does not mention John Ashcroft.

Rachel Medwin, and Mark J. Kappelholff must be dismissed for lack of service.

### 3. The FBI Defendants

Plaintiff alleges claims under § 1983 against FBI Special Agent Arthur Balizan in his individual capacity, and against FBI Director Robert Mueller, in his individual and official capacity. As above, with regard to the U.S. Attorney General defendants and the DOJ defendants, the court finds that the claims against Arthur Balizan and Robert Mueller must be dismissed for lack of service.

### 4. The City and County of San Francisco Defendants

Plaintiff alleges claims under § 1983 against the City and County of San Francisco; the San Francisco Police Department; San Francisco Police Chief Heather Fong; and Jerry Tidwell, alleged to be the "Risk Management Manager" of the San Francisco Police Department. Plaintiff also alleges claims under California Penal Code § 682 against Chief Fong and Officer Tidwell.

San Francisco is both a City and a County. The San Francisco Police Department is a division of the City of San Francisco, and is not required to be separately served. Plaintiff served the City by mailing a copy of the summons and complaint to Gavin Newsom, the Mayor of the City.

Without deciding whether Mayor Newsom is a proper person to accept service on behalf of the City, the Court notes that service on Mayor Newsom by mail without an acknowledgment of receipt was not proper service. Similarly, service by mail on Chief Fong and Officer Tidwell was not proper service in the absence of a signed acknowledgment of receipt.

Accordingly, the court finds that the City of San Francisco, the San Francisco Police Department, Chief Heather Fong, and Officer Jerry Tidwell must be dismissed for lack of proper service.

### 5. The California Superior Court Defendants

Plaintiff asserts claims under § 1983 against the San Francisco Superior Court, and against former San Francisco Grand Jury members Joe Urquhart and Jenni Parrish in their

individual capacities.  Plaintiff also alleges claims under the California Constitution against Joe Urquhart and Jenni Parrish.

Plaintiff served the San Francisco Superior Court by serving David Ballati, a Judge of the Superior Court, a copy of the summons and complaint by mail.  Without deciding whether Judge Ballati is a proper person to accept service on behalf if the San Francisco Superior Court, the court notes that service on Judge Ballati by mail was not proper service in the absence of a signed acknowledgment of receipt.  Similarly, service by mail on Joe Urquhart and Jenni Parrish by mail was not proper service.[2]

6.      The U.S. District Judge Defendants

Plaintiff alleges claims under § 1983 against United States District Judges Claudia Wilken and Saundra Armstrong, in their official capacities.  Plaintiff also asserts a claim against Judge Wilken for violation of "Section 144 of the USC."  As an initial matter, the court notes that, as with the U.S. Attorney General and FBI defendants, Bivens actions cannot be maintained against federal defendants in their official capacities.

To the extent that plaintiff intended to assert claims against Judge Wilken her individual capacity, the court notes that service by mail is not proper service in the absence of a signed acknowledgment of receipt.

As for Judge Armstrong, plaintiff has not filed a proof of service of the summons and complaint.  However, Judge Armstrong was not named as a defendant until December 22, 2008.  Thus, the 120-day period has not run as to her, and plaintiff is entitled to 120 days to serve any defendant named for the first time in the FAC.  See McGuckin v. United States, 918 F.2d 811, 812 (9th Cir. 1990).[3]

---

[2]  The court notes in addition that the Eleventh Amendment to the United States Constitution bars federal suits against state agencies, including the California Superior Court, and its employees.  Simmons v. Sacramento County Superior Court, 318 F.3d 1156,1161 (9th Cir.  2003).

[3]  The court notes, however, a federal judge is absolutely immune from civil liability for acts performed in his/her judicial capacity and, unlike the judicial immunity available to state judges sued under § 1983, a federal judge's immunity is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief.  See Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996); Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385,

7.   The California Attorney General Defendants

Plaintiff alleges a claim under § 1983 against California Attorney General Edmund G. Brown, Jr., in his official capacity.  In addition, plaintiff asserts a claim under § 1983 against California Deputy Attorney General Kay Yu, in her individual capacity, and also alleges a claim under California Business & Professions Code § 6128.

The court finds that plaintiff did not effect proper service on Attorney General Brown, who was substituted in for former California Attorney General Bill Lockyer, as service by mail is not proper service in the absence of a signed acknowledgment of receipt. Accordingly, Attorney General Brown is dismissed from the case.

Deputy Attorney General Yu has waived service by appearing in this action.

8.   The Gordon & Rees Defendants

Plaintiff alleges claims of suborning perjury (18 U.S.C. § 1622), and violation of California Business & Professions Code § 6128, against the law firm of Gordon & Rees LLP, and a Gordon & Rees law partner, Michael Laurenson.

Gordon & Rees is a California limited liability law partnership.  Plaintiff served Gordon & Rees by mailing a copy of the summons and complaint to James P. Reilly, a Gordon & Rees law partner.  The court has no information from which to determine whether Mr. Reilly was a person authorized by Gordon & Rees to accept service. Nevertheless, service by mail on Mr. Reilly was not proper service in the absence of a signed acknowledgment of receipt.  For the same reason, the court finds that plaintiff did not effect proper service on Mr. Laurenson.

9.   The Media/Internet Defendants

Plaintiff alleges claims under § 1983 and § 1985 against CNN and YouTube LLC. CNN has appeared in this action, thereby waiving service.  Plaintiff served YouTube by mailing a copy of the summons and complaint to a Chad Hurley.  The court has no information from which to determine whether Mr. Hurley was a person authorized by

---

1394 (9th Cir. 1987) (applying judicial immunity to actions under Bivens).

11

YouTube to accept service. Nevertheless, the court finds that service on YouTube was not proper service in the absence of a signed acknowledgment of receipt.

10.    The U.S. House of Representative Defendant

Plaintiff alleges a claim under § 1983 against Christopher Smith, in his official capacity. Mr. Smith is identified as the "Chairman of the 109th U.S. Congress Subcommittee on Africa, Global Human Rights and International Operations." The court interprets this as a reference to Christopher H. Smith, a Member of the United States House of Representatives from New Jersey.

According to the certificate of service, plaintiff served Rep. Smith by mailing a copy of the summons and complaint by registered mail from Canada. However, she does not include any proof of mailing by registered mail, or any proof of receipt.

Because Bivens claims may be asserted only against federal officials in their individual capacity, plaintiff is required to serve Rep. Smith personally, in accordance with the rules for individual service (as noted above). However, Rep. Smith was not named as a defendant until December 22, 2008. Thus, the 120-day period has not run as to him, and plaintiff is entitled to 120 days to serve any defendant named for the first time in the FAC. See McGuckin, 918 F.2d at 812.

**CONCLUSION**

In accordance with the foregoing, the court finds that defendants John Ashcroft, Alberto Gonzales, Kevin Callahan, Rachel Medwin, Mark J. Kappelhoff, Arthur Balizan, Robert Mueller, Heather Fong, Jerry Tidwell, City and County of San Francisco, San Francisco Police Department, San Francisco Superior Court, Joe Urquhart, Jenni Parrish, Claudia Wilken, Edmund G. Brown, Jr., Gordon & Rees, LLP, Michael Laurenson, and YouTube LLC must be dismissed for lack of service.

Because plaintiff failed to provide proof of service in accordance with Rule 4, after twice being ordered to do so, and after twice being warned that failure to do so would result in dismissal of any defendants as to whom she had not established proper service, the dismissal of the above-listed defendants is WITH PREJUDICE. See Fed. R. Civ. P. 41(b).

Four defendants remain in the case – CNN, which has moved to dismiss the claims asserted against it; Kay Yu, who has appeared but has filed no motions; and Judge Armstrong and Christopher Smith, who were named in the FAC fewer than 120 days ago. As for the latter three defendants, however, the court notes that even in the event that plaintiff effects proper service on them, they will likely be found immune from suit.

**IT IS SO ORDERED.**

Dated: March 11, 2009

PHYLLIS J. HAMILTON
United States District Judge