UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WANXIA LIAO,

        Plaintiff,

        v.

JOHN ASHCROFT, et al.,

        Defendants.

_____/

No. C 08-2776 PJH

**ORDER RE ECF FILING AND RE REQUEST FOR RELIEF FROM RULES**

On February 10, 2009, the court ordered plaintiff to file a declaration stating that she has read General Order No. 45 and the Northern District of California's instructions regarding ECF registration and use; that she understands the requirements of the ECF program; and that she agrees to comply with all the rules and orders of the court, subject to the termination of her participation for failing to comply with said rules and orders.

In response, plaintiff filed a declaration stating that she has read General Order No. 45 and the instructions regarding ECF registration and use; that she understands the requirements of ECF program "as much as other ECF participants do;" and that she agreed to "comply with all the rules and orders of the court for E-filing," to which she added, "when circumstances of my residential status (in foreign country) permits, subject to treatment like every other ECF participant in-discriminatorily for failure to comply with these rules and orders (excluding the failure caused by the circumstances of my foreign residential status)."

The court will accept plaintiff's declaration as adequate at this time, but cautions plaintiff that she cannot place conditions on compliance based on her residence outside the

1  United States.  In addition, the court notes that plaintiff was instructed to state that she
2  would comply with "all the rules and orders of the court," subject to termination of her
3  participation if she failed to do so – not that she would comply with "all the rules and orders
4  of the court for E-filing," as she states in her declaration.  If at some point plaintiff is unable
5  to comply with the rules and orders of the court, the court will terminate her participation on
6  the ECF program.
7       On that subject, plaintiff filed a motion on March 6, 2009, seeking, among other
8  things, relief from the provision of General Order No. 45 requiring the lodging of chambers
9  copies of any e-filed document, "no later than noon on the business day following the day
10 that the papers are filed electronically."  Plaintiff asserts that because she resides in a
11 foreign country, it would be "impossible" for her to comply with this requirement, and that in
12 return for the court's agreeing to her request, she "would also exempt the Defendant
13 parties to send me a hard copy of their efiled documents."
14      The request is DENIED, for lack of good cause.  The fact that plaintiff resides in a
15 foreign country is not sufficient to exempt her from the requirement of submitting paper
16 copies for the court's use.  The copies can be sent from Canada via overnight mail.
17 Moreover, because the ECF system automatically sends a copy of every e-filed document
18 to the e-mail addresses registered by the attorneys in the case, no ECF participant is
19 required to serve paper copies on other ECF-participant parties or attorneys.  Thus,
20 plaintiff's suggestion that she would "exempt" the defendants from serving her with paper
21 copies is of no account.

23 **IT IS SO ORDERED.**

24 Dated: March 11, 2009

                                        PHYLLIS J. HAMILTON
                                        United States District Judge

2