EDMUND G. BROWN JR., Attorney General
  of the State of California
PAUL T. HAMMERNESS,
  Supervising Deputy Attorney General
KAY K. YU, (State Bar No. 142479)
  Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-3664
Telephone:(415) 703-5593
Facsimile: (415) 703-1107
Kay Yu in Pro Per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WANXIA LIAO<br><br>           Plaintiff,<br><br>v.<br><br>JOHN ASHCROFT, ET AL.<br><br>           Defendants. | CASE NO. C08-02776 PJH (PP)<br><br>NOTICE OF MOTION; MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date: May 20, 2009<br>Time: 9:00 a.m.<br>Place: Ctr. 5, 17th Floor<br>Judge: Phyllis J. Hamilton |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 20, 2009 at 9:00 a.m. or as soon thereafter as counsel may be heard before the Honorable Phyllis J. Hamilton, United States District Judge, in Courtroom 5 of the above entitled court, located at 450 Golden Gate Avenue Street, San Francisco, California 95102, defendant Kay Yu will hereby and does move this court for an order under Federal Rules of Civil Procedure, Rule 12 (b), to dismiss this action on the grounds that the first amended complaint fails to state a claim against defendant KayYu upon which relief can be granted, in that:

   a.   Plaintiff's claims under § 1983 do not state an actionable constitutional or federal claim;

1

Liao v. Ashcroft, , et al. PJH
U.S.D.C. No. C8-02776

Notice of Motion, Motion to Dismiss First
Amended Complaint; M &Ps in support thereof

1  b..  The claims against Deputy Attorney General Kay K. Yu are barred by absolute
2  quasi-judicial immunity.
3  WHEREFORE, defendant Yu prays that the motion be granted and the first amended
4  complaint be dismissed with prejudice.
5  This motion is and shall be based upon this notice of motion and motion to dismiss, the
6  accompanying memorandum of points and authorities, the pleadings and papers on file herein,
7  and such oral or written material as may be presented at the hearing of this motion.

9  Dated: April 10, 2009

10 EDMUND G. BROWN JR., Attorney General
   of the State of California
11 PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
12 KAY K. YU
   Deputy Attorney General

14
   By:  /S/ Kay Yu
15     KAY K. YU
   In Pro Per

2

Liao v. Ashcroft, , et al. PJH                                    Notice of Motion, Motion to Dismiss First
U.S.D.C. No. C8-02776                                             Amended Complaint; M &Ps in support thereof.

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

**A.   Nature of this Action: Plaintiff's Claims**

This is an action for damages and other relief brought by *pro per* plaintiff Wanxia Liao pursuant to 42 U.S.C. § 1983. This case arises out of plaintiff's prior unsuccessful lawsuit for which Deputy Attorney General Yu was the attorney of record for the defendants. Plaintiff's suit was dismissed with prejudice. Plaintiff brings this action against several defendants alleging conspiracy of by defendants to deprive her of her civil rights.

   **i.   Procedural Background**

Prior to filing the current complaint, plaintiff filed a complaint against defendants Ronald Quidachay, Paul Alvarado and Maura Ramirez in *Wanxia Liao v. Ronald Quidachay, et al.* Case No. 05-01888 (CW). Quidachay and Alvarado were judges and Ramirez a court clerk for the San Francisco County Superior Court.

Defendants filed a motion to dismiss on August 29, 2005. The Court granted the motion to dismiss with leave to amend on October 12, 2005. Plaintiff filed a second amended complaint on November 1, 2005. Defendants filed a motion to dismiss the second amended complaint on November 17, 2006. On January 24, 2007, the Court granted defendants' motion to dismiss with prejudice.

Plaintiff Liao filed an appeal on February 12, 2007. As plaintiff Liao failed to prosecute this appeal, it was dismissed by the Court on June 26, 2007.

**B.   Grounds For This Motion**

Plaintiff's' § 1983 claims of conspiracy and due process violations are wholly conclusory and fanciful. Plaintiff has failed to state facts to state a claim for a due process violation. The allegations in the first amended complaint assert claims against Deputy Attorney General Yu for her defense of Ronald Quidachay, Paul Alvarado, and Maura Ramirez in *Wanxia Liao v. Ronald Quidachay, et al.*

Absolute quasi-immunity bars such claims against her.

3

Liao v. Ashcroft, , et al. PJH
U.S.D.C. No. C8-02776

Notice of Motion, Motion to Dismiss First Amended Complaint; M &Ps in support thereof.

# ARGUMENT

## I.

### PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR A 42 U.S.C SECTION 1983 VIOLATION

Plaintiff has alleged, in wholly conclusory terms, that Deputy Attorney General Yu was a participant in an unlawful conspiracy to deprive her of her right to a trial, no specific factual allegations are made to support this claim. The allegations against Deputy Attorney General Yu are contained in paragraphs 89-91 of the first amended complaint.

The paragraphs are incoherent and accusatory. Essentially, plaintiff alleges that Deputy Attorney General Yu acted wrongfully during her defense of the judges and the court clerk. Also, plaintiff alleges that defendant Yu interfered with her 14th Amendment due process rights. However, she does not provide specific facts to support this contention.

Even if such allegations are true, it does not state facts to state a claim under 42 U.S.C. § 1983. The alleged conduct by defendant Yu did not deprive plaintiff's due process rights. The complaint was dismissed after defendants' motion to dismiss was granted without leave to amend.

Plaintiff has failed to state facts to state a claim against defendant Kay K. Yu

## II.

### THE ATTORNEY GENERAL'S SUBORDINATES ARE ENTITLED TO ABSOLUTE QUASI-JUDICIAL IMMUNITY FROM PLAINTIFFS' CLAIMS LESS THAN 42 U.S.C. § 1983

Plaintiff brings this lawsuit against defendant Kay K. Yu on the grounds that she allegedly conspired with the court to deprive her from prosecuting her tort case.

Defendant Yu is entitled to absolute immunity because the alleged conduct was taken in connection with the judicial process. *Fry v. Melarango*, 939 F.2d 832, 836 (9th Cir. 1991) (government attorneys immune for acts during the judicial phase of litigation; *Flood v. Harrington*, 532 F.2d 1248, 1250-52 (9th Cir. 1978) (same). As the Ninth Circuit noted in *Flood*:

    [424 U.S.409 (1976)]

4

Liao v. Ashcroft, , et al. PJH
U.S.D.C. No. C8-02776

Notice of Motion, Motion to Dismiss First
Amended Complaint; M &Ps in support thereof.

> "In *Imbler v. Pachtman*, the Supreme Court held that state prosecutors are absolutely immune from civil suit under *42 U.S.C. § 1983* for damages allegedly caused by the initiation of prosecution and the presentation of the state's case. *U.S. at 44 U.S.L.W. at 4257*. The Court applied its rule of absolute immunity to protect only that prosecutorial conduct 'intimately associated with the judicial phase of the criminal process." *Id. at 430, 96 S.Ct. at 995, 47 L.Ed. 2d 128, U.S.L.W. at 4256*.
>
> While *Imbler* involved an underlying state criminal prosecution, the instant appeal involves underlying federal civil actions. Despite these distinguishing characteristics, *Imbler* has considerable bearing here.
>
> The *Imbler* Court relied heavily upon the common law doctrine of absolute immunity as applied to federal government attorneys to justify application of the same rule in the context of a Section 1983 action against state prosecutors. *U.S. at, 44 U.S.L.W. at 4254-55 & n. 21*. Moreover, as we stated in *Mark v. Groff, supra*, 521 F.2d at 1380:
>
> '[We perceive] no significant reason for distinguishing, as fare as the immunity doctrine is concerned between litigation under § 1983 against state officer and actions against federal officers alleging violation of constitutional rights under the general federal question statute. In contrast, the practical advantage of having just one federal immunity doctrine for suits arising under federal law is self-evident.'
>
> Nor do we see any significant reason to distinguish actions involving civil claims from those involving underlying criminal prosecution. The reasons supporting the doctrine of absolute immunity, *Imbler, U.S. at 44 U.S.L.W. at 4255-56*, apply with equal force regardless of the nature of the underlying action."

532 F.2d at 1251.

The immunity under state law is identical. *Howard v. Drapkin*, 222 Cal.App. 843 (1990). In *Howard v. Drapkin*, the court cited with approval federal cases extending the doctrine of quasi-immunity to various persons connected with the juridical process and explained:

> "we are persuaded that the approach of the federal courts is consistant with the relevant policy considerations of attracting an overburdened judicial system the independent and impartial services and expertise upon which that system necessarily depends. Thus, we believe it appropriate that these 'non-judicial persons who fulfill quasi-judicial functions intimately related to the judicial process [citation] should be given absolute quasi-judicial immunity for damage claims arising from their

5

performance of duties in connection with the judicial process.....
Additionally, the threat of civil liability may affect the manner in
which they perform their jobs."

*Id.* at 857.

There is no reason to believe that the state courts, if faced with the proposition, would not extend the immunity to cover government attorneys engaged in the defense of a civil lawsuit. *Imbler v. Pachtman, supra, Fry v. Melarango, supra.*

Accordingly, defendant Yu is immune from suit as her alleged conduct was performed in the course of her defense of defendants in *Wanxia Liao v. Ronald Quidachay, et al.* Case No. 05-01888 (CW)..

## CONCLUSION

For the foregoing reasons, defendant Kay K. Yu respectfully requests that the motion to dismiss be granted with prejudice.

Plaintiff's first amended complaint constitutes a recital of fanciful accusations against defendant. Plaintiff's allegations are so patently absurd, such as to defy comprehension. Taken as a whole, it can only be concluded that plaintiff intentionally framed her pleadings in this fashion, for no other purpose than to harass defendant, and the other parties. The ultimate sanction of dismissal is appropriate herein.

6

Liao v. Ashcroft, , et al. PJH
U.S.D.C. No. C8-02776

Notice of Motion, Motion to Dismiss First
Amended Complaint; M &Ps in support thereof.

1  Dated: April 10, 2009

3              Respectfully submitted,

4              EDMUND G. BROWN JR., Attorney General
                of the State of California
5              PAUL T. HAMMERNESS
               Supervising Deputy Attorney General
6              KAY K. YU
                Deputy Attorney General

8              By:_____/S/KayYu_____
                        KAY K. YU
9              In Pro Per

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   LIAO, Wanxia v. John Ashcroft, et al.
No.:   C 08-02776-SBA

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 10, 2009, I served the attached **NOTICE OF MOTION; MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Wanxia Liao
7 Beatrice St.
Toronto, Canada M6J2T2**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 10, 2009, at San Francisco, California.

|  Anh Ho  |  /s/ Signature  |
| Declarant | Signature |

SF2008200726
40326294.doc