United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WANGXIA LIAO,

               Plaintiff,

     v.

JOHN ASHCROFT, et al.,

               Defendants.

_____/

No. C 08-2776 PJH

**ORDER**

     Before the court are four motions filed by plaintiff Wanxia Liao in the above-entitled action.  Having read and considered plaintiff's papers, the court hereby rules as follows.

     1.    Plaintiff's motion for an order shortening time to hear the motion to stay proceedings is DENIED.  The motion does not comply with Civil Local Rule 6-3.  In addition, in light of the rulings below, plaintiff's motion to stay proceedings is DENIED as moot.

     2.    Plaintiff's motion for investigation of changes in the docket is DENIED.  As the court explained in its Order of Dismissal, filed March 11, 2009, the notation on the docket that California Deputy Attorney General Kay Yu had filed a declination on behalf of John Ashcroft was a clerical error.  In addition, it is the filed document that controls, not the docket entry, and the filed document makes no mention of John Ashcroft.

     The court notes further that plaintiff named Ms. Yu as a defendant in the present action, asserting claims based on Ms. Yu's representation (as a Deputy California Attorney General) of California defendants in a prior lawsuit filed by plaintiff; and also named former Attorney General of the United States John Ashcroft as a defendant.  Plaintiff is chargeable with the knowledge that Ms. Yu is a Deputy Attorney General of the State of California, who could not at any time have been representing a former United States Attorney General in an action based on actions taken while he held that position.

United States District Court
For the Northern District of California

1    3.    Plaintiff's Rule 60(b) motion for relief from the court's orders of March 11,

2  2009, is DENIED.  The three orders at issue are the interlocutory orders – the order

3  granting defendant CNN's motion to dismiss, with leave to amend; the order dismissing 19

4  defendants for failure to comply with court orders mandating the filing of proofs of service of

5  the summons and complaint; and the order denying plaintiff's request for relief from

6  General Order 45.

7    Rule 60(b) does not provide relief from judgments, orders, or proceedings that are

8  not final decisions within the meaning of 28 U.S.C. § 1291, which generally cannot be

9  appealed immediately.  See School Dist. No. 5 v. Lundgren, 259 F.2d 101, 104 (9th Cir.

10  1958); see also United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) (Rule

11  60(b) . . . applies only to motions attacking final, appealable orders").

12    The addition of the qualifying word 'final' emphasizes the character of the
     judgments, orders or proceedings from which Rule 60(b) affords relief; and
13    hence interlocutory judgments are not brought within the restrictions of the
     rule, but rather they are left subject to the complete power of the court
14    rendering them to afford such relief from them as justice requires.

15  Fed. R. Civ. P. 60(b), Advisory Committee Notes, 1946 Amendment.

16    Nevertheless, the trial court has the inherent power to reconsider, set aside, or

17  amend interlocutory orders at any time prior to entry of a final judgment.  Lundgren, 259

18  F.2d at 104.  In this judicial district, Civil Local Rule 7-9 provides a procedure whereby a

19  litigant dissatisfied with an interlocutory ruling may seek leave to file a motion for

20  reconsideration in this court.  However, "[n]o party may notice a motion for reconsideration

21  without first obtaining leave of Court to file the motion."  Civ. L.R. 7-9(a).

22    Accordingly, because plaintiff's motion is not properly brought under Rule 60(b), and

23  because plaintiff did not seek leave of court to file a motion for reconsideration, the motion

24  must be DENIED.

25    4.    Plaintiff's motion to recuse the undersigned is DENIED.  Plaintiff bases her

26  motion on 28 U.S.C. § 144, which provides:

27
28    Whenever a party to any proceeding in a district court makes and files a
     timely and sufficient affidavit that the judge before whom the matter is

2

United States District Court

For the Northern District of California

1   pending has a personal bias or prejudice either against him or in favor of any
2   adverse party, such judge shall proceed no further therein, but another judge
    shall be assigned to hear such proceeding.

3   28 U.S.C. § 144.  The judge against whom a disqualification motion is brought may pass on

4   its sufficiency.  Berger v. United States, 255 U.S. 22, 32-33 (1921).  To be sufficient, the

5   motion must state facts which, if true, fairly support the allegation of bias or prejudice which

6   stems from an extrajudicial source and which may prevent a fair decision.  See United

7   States v. Azhocar, 581 F.2d 735, 740-41 (1978).

8       The Court DENIES plaintiff's motion to disqualify, because she has not shown that

9   the undersigned bears a a deep-seated favoritism or antagonism that would make fair

10  judgment impossible.  See Liteky v. United States, 510 U.S. 540, 555 (1994).  Not every

11  bias or prejudice against a party will support recusal under § 144, see id. at 550-52, as

12  plaintiff was clearly advised in the December 19, 2008 order denying her previous motion to

13  disqualify Judge Armstrong from presiding over this action.

14      Plaintiff's grievance relates generally to adverse rulings by this Court and her

15  perception that she is being treated unfairly.  In her affidavit, plaintiff asserts that the

16  undesigned "directly participated in a conspiracy with Defendants of my case and Judge

17  Saundra Brown Armstrong to create 'procedural defects' such as 'lack of service' through

18  fraud, deceit, violations of due process and discriminatory treatment to my case to dismiss

19  by Complaint with prejudice."  Plaintiff makes three specific assertions of bias, but none of

20  these provides grounds for which a request for recusal could be granted.

21      First, she claims that the "unlawful alteration" of the docket caused her failure to

22  serve John Ashcroft, and that the purpose of the "conspiracy" among the undersigned and

23  the defendants was "to create 'lack of service of process' on Ashcroft."  The court has

24  already addressed this issue, above, and in the March 11, 2009, Order of Dismissal.

25      Second, plaintiff asserts that the court's order conditioning the granting of plaintiff's

26  request to file documents through the court's Electronic Case Filing ("ECF") system on

27  plaintiff's agreeing in writing to comply with all rules and orders of the court constituted

28  discrimination against her as a pro se plaintiff because the court does not require this same

1   assurance of attorneys who are provided access to ECF as a matter of right.  This

2   requirement – which is imposed on every pro se plaintiff who requests leave to file

3   documents through the ECF system – does not provide evidence of bias.  The court is fully

4   within its rights to require compliance with court rules and orders.

5        Plaintiff's third argument is that the undersigned "fraudulently misrepresented the

6   service rule of California Code of Civil Procedures [sic]" in the March 11, 2009 Order of

7   Dismissal.  Adverse judicial rulings alone almost never constitute a valid basis for a bias or

8   partiality motion.  Id.  at 555-56; see also Berger, 255 U.S. at 34 (adverse rulings alone

9   cannot constitute the necessary showing of bias or prejudice).

10

11  **IT IS SO ORDERED.**

12  Dated:  April 16, 2009

13  _____
    PHYLLIS J. HAMILTON
14  United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California