UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WANXIA LIAO,

    Plaintiff,

    v.

JOHN ASHCROFT, et al.,

    Defendants.

No. C 08-2776 PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court is a motion to dismiss filed by defendant California Deputy Attorney General Kay Yu ("Yu"), which plaintiff Wanxia Liao ("Liao") opposes. Because the court finds this matter suitable for decision without oral argument, the hearing date of May 20, 2009 is VACATED pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the court GRANTS Yu's motion to dismiss.

**BACKGROUND**

On June 4, 2008, Liao, in propria persona, filed the original complaint in this case, suing twenty-one defendants, including, among others, John Ashcroft, Judge Claudia Wilken, Yu, Bill Lockyer, Heather Fong, CNN and YouTube. See Compl. On September 9, 2008, this case was reassigned to Judge Saundra B. Armstrong. Liao filed a first amended complaint ("FAC") on December 22, 2008, which, among other things, added Judge Armstrong as a defendant. See FAC. On February 4, 2009, Judge Armstrong recused herself from presiding over this case. The next day, this case was reassigned to the undersigned.

This case arises out of "racially motivated refusals by United States government officials and California state officials to investigate [Liao's] criminal complaints, and the conspiracy by federal justice administrative officials with the US major media to place a

secret prior restraint on [her] Internet free speech about [her] human rights case," Liao v. Cahill, 03-2906-SBA, "without due process of law" for the purpose of covering up her human rights case. FAC ¶ 1. Liao alleges that the defendants, "acting under color of state law, violated [her] "rights to Equal Protection under the Fourteenth Amendment, to free speech under the First Amendment, [and] violated § 1985 of USC for Conspiracy to Interfere with Civil Rights." Id. Through this action, Liao seeks "damages and declaratory relie[f] under Title 42, Section 1983 of the United States Code and other federal and California State statutes." Id.

The facts underlying Liao's "human rights case" are as follows. In 1991, as a masters student at the University of Toronto ("UT"), Liao had an academic dispute with David Waterhouse, a professor in the University's East Asian Studies Department. FAC ¶ 28. Liao submitted a term paper in which she challenged Waterhouse's previously published contention that "beautiful" is a European concept. Id. ¶¶ 28-29. Waterhouse then allegedly retaliated against her by interfering with her Ph.D application through a series of "fraud," in violation of UT's grading and academic regulations, including awarding Liao a "B" as her final grade while the course was still in progress, submitting Liao's grade without having it reviewed by the Chair of the Department, providing a reference letter for Liao's Ph.D application fraudulently identifying himself as her program supervisor, and objecting to Liao's Ph.D application on an erroneous ground. Id. ¶ 30. According to Liao, Waterhouse's fraud directly caused her application for the Ph.D program to be unsuccessful. Id. Liao subsequently lodged a formal complaint with the Ontario Human Rights Commission ("OHRC"). Id. ¶ 31.

Although unclear from the allegations in the FAC, James Cahill ("Cahill"), a professor at the University of California at Berkeley ("UCB"), allegedly became involved in a conspiracy with the Canadian government to cover up Waterhouse's fraud and racial prejudice after learning of Liao's complaint to the OHRC. FAC ¶ 31. In May 1995, before the OHRC dismissed Liao's complaint, Cahill, the OHRC and the UT allegedly conspired to provoke Liao into engaging in behavior leading to her arrest and subsequent conviction for uttering a death threat to Waterhouse. Id. ¶¶ 31-33.

In April of 2002, Liao filed a civil rights case against Cahill in San Francisco Superior Court. FAC ¶ 34. After her case was dismissed, Liao re-filed it in the Northern District in June 2003. Id. In May 2005, while this case was pending, Liao filed another civil rights case in the Northern District, <u>Liao v. Quidachay, et al.</u>, 05-1888-CW, against, among others, two San Francisco Superior Court judges. Id. ¶ 89. Yu represented the judges in that action. Id. Both of these cases were ultimately dismissed. Id. ¶¶ 35-36, 80.

Liao alleges that during the course of her civil rights cases, "in order to break the US media ban on [her case]," she tried to publicize her story about her civil rights case on the Internet. FAC ¶ 37. Liao further alleges that, in December 2005, she received a death threat in response to a posting she had made on Yahoo's Message Board about her case. Id. Liao asserts that the individual who posted the threat "was undoubtedly speaking for the US and Canadian governments." Id. Liao subsequently filed several criminal complaints related to the death threat and the facts giving rise to her civil rights case with various state and federal officials. She alleges that these officials racially discriminated against her by refusing to investigate these complaints. See generally id. ¶¶ 38-74. Liao further alleges that the United States media joined the government to cover up the facts of her human rights case by setting up automatic filters on their websites to filter out any information that contained her name and/or web page addresses where she posts information about her cases. Id. ¶¶ 93, 101.

Liao filed the instant action on June 4, 2008 suing, among others, Yu. As to Yu, the FAC alleges that she is being "sued in her individual capacity, under §1983, for violation of Fourteenth Amendment due process clause." FAC ¶ 21. The FAC further alleges that Yu is being sued for damages for violation of § 6128 of California Business and Professions Code. Id. Specifically, the FAC alleges the following:

> 89. Kay Yu, in her official capacity as Deputy Attorney General of California, and Bill Lockry [sic], the Attorney General of California, acted as the counsel of record for California state Defendants of my civil rights case in California Superior Court. On or about October 19, 2004, I received a demurrer to my complaint from Yu. However, I checked with the court's Action Register and found there was no such a demurrer filing recorded. I then telephoned the clerk's office and was affirmed that no such a filing. On October 20, I left a message to Yu. Yu called me on October 21, repeatedly told me that she had already filed this demurrer on October 15 and she did so 'personally'

> with the clerk's office. Despite I repeatedly advised her that the action had been stayed so I could not filed any document, Yu threatened me that I had 20 days to respond to the demurrer or my action would be dismissed. I asked her to give me something in writing to clarify that this action was not stayed so I could continue to proceed, for without such assurance, any move of me would constitute 'contempt of court'. But Yu never responded to my request.
>
> 90. I was overwhelmed about that the 'Deputy Attorney General of California' and the Attorney General of California had joined the oppression and committed deceit against my civil rights case, feared Yu's dismissal warning and the 'contempt of court' charge etc. prosecution, so on October 25, I filed a voluntary dismissal of my case.

Id. ¶¶ 89-90.

Liao asserts that Yu's conduct constitutes "deceit, an unlawful law practice, in violation of § 6128 of California Business and Profession Code." FAC ¶ 91. Liao further asserts that because Yu acted in her official position, under color of state law, "she damaged [Liao's] case by unlawfully interfer[ing] with [her] 14th Amendment due process right, in violation of §1983." Id.

On April 10, 2009, Yu filed a motion to dismiss. Liao filed an opposition on April 28, 2009. A reply was filed on April 30, 2009.

**DISCUSSION**

A.   Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory. Id. When the plaintiff appears *pro se*, the court must construe the allegations of the complaint liberally and must afford the plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). This rule of liberal construction is particularly important in civil rights cases. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, however, the court is not permitted to "supply essential elements of the claim

that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8 requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)). In order to survive a dismissal motion, a plaintiff must allege facts that are enough to raise her right to relief "above the speculative level." Twombly, 127 S.Ct. at 1965. While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. Id. at 1974.

B.  Analysis

1.  42 U.S.C. § 1983

Yu argues that dismissal of this claim is appropriate because she is absolutely immune from liability arising out of the prior state court action. The court agrees.

Although the allegations against Yu are largely incoherent, because it is clear that the allegations are based entirely upon Yu's official conduct in representing the government in a prior state court action, Yu is entitled to absolute immunity from liability arising out of that action. See Fry v. Melaragno, 939 F.2d 832, 836-37 (9th Cir. 1991) (stating that if a government attorney is performing acts intimately associated with the judicial phase of litigation, the attorney is entitled to absolute immunity from liability for damages).

1  Accordingly, this claim is dismissed for failure to state a claim upon which relief may be
2  granted.[1]

### 2. Business and Professions Code § 6128

To the extent that Liao attempts to state a claim for relief based on Yu's alleged violation of Business and Professions Code § 6128, the court finds that this claim fails as a matter of law. Section 6128 provides, in pertinent part: "Every attorney is guilty of a misdemeanor who . . . (a) Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party." Cal. Bus. & Prof.Code § 6128(a). A violation of § 6128(a) "is punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both." Cal. Bus. & Prof.Code § 6128(c).[2]

A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, " 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.' " Id. (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). The court has reviewed the statute and there is no indication that civil enforcement of any kind is available to Liao. Cort, 422 U.S. at 79-80; Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1469-70 (9th Cir. 1984). In short, neither the statute, nor any authority of which this court is aware, authorizes Liao to bring a civil cause of action based on an alleged violation of § 6128. Accordingly, this claim is dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons stated above, the court GRANTS Yu's motion to dismiss. Because it is absolutely clear to the court that the deficiencies of the FAC are incapable of being

---

[1] Because the court finds that dismissal on this basis is appropriate, it need not reach Yu's alternative argument for dismissal.

[2] An attorney's conduct in violation of § 6128 is a crime for which a criminal prosecution may be brought. See Action Apartment Ass'n, Inc. v. City of Santa Action Apartment Ass'n, Inc. v. City of Santa Monica, 41 Cal.4th 1232, 1246 (2007); Kashian v. Harriman, 98 Cal.App.4th 892, 919-20 (2002).

1  cured by amendment, the claims asserted against Yu are DISMISSED WITH PREJUDICE.
2  See Karim-Panahi, 839 F.2d at 623 (A court must give a *pro se* litigant leave to amend his
3  or her complaint unless it is "absolutely clear that the deficiencies of the complaint could not
4  be cured by amendment."). As the claims against all of the defendants have been
5  dismissed with prejudice, the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 15, 2009

                                      PHYLLIS J. HAMILTON
                                      United States District Judge